## Case No. 17,461.

### WESTRAY et al. v. The MILETUS.

[2 Int. Rev. Rec. 61.]

District Court, S. D. New York. Aug., 1865.[1]

AFFREIGHTMENT—DAMAGE TO CARGO—INTEREST—DAMAGE BY STEVEDORES.

[1. Ship held liable for damage done to a cargo of tea by defacement of the labels by cockroaches.]

[2. Interest is allowable on damage occasioned to cargo by the fault of the ship; and the court may enter a decree for such interest on the coming in of the master's report, although the interlocutory decree did not provide for interest.]

[3. The ship is not liable for damage done to cargo, in unlading, by stevedores appointed by the consignees under an express provision therefor in the charter party.]

[This was a libel in rem by Fletcher Westray and others against the ship Miletus to recover for damage to cargo.]

SHIPMAN, District Judge. This suit was instituted to recover damages for injuries to a cargo of tea shipped at Amoy, China, in September, 1861, on board the ship Miletus, and consigned to the libellants at the port of New York. On arrival here, the packages were found to be in a damaged condition, some from sea-water, and others from defacement of the labels by cockroaches. On the original hearing before this court no claim was made by the libellants for any damage done by water. They did claim, however, to recover for the injury done by the defacement of the labels by the cockroach-

es, and also for damage done to the packages while they were being unladen, in consequence of their being cut open by the stevedores and others. The claimants insisted that the ship was not liable for any damage resulting from either cause. The court pronounced in favor of the libellants, holding that they were entitled to recover whatever damage had been done to the packages by cockroaches. No written opinion was filed, but the court held the case to be covered by the principle decided in the case of Kirkland v. The Fame [Case No. 7,845], determined in this court in December, 1861, and referred the counsel to the opinion in that case, and the authorities there cited. But the court reserved its decision on the question of damages resulting from cutting open the packages, until the return of the report of the referee, to whom the case was referred, with direction to ascertain the damage done to the cargo by other causes than sea-water, and to distinguish, in the report, the damage done by the stevedores cutting open the packages during the unlading of the ship, from that done by vermin. The commissioner's report is now before the court, in which he finds damages done to the cargo (other than by sea-water and the stevedores) amounting to seven thousand one hundred and fifty dollars sixty-three cents, to which he has added interest one thousand one hundred and twenty-six dollars and twenty-two cents, making a total of this item of eight thousand two hundred and seventy-six dollars eighty-five cents. The report set forth the damage done by the stevedores in cutting open the packages, at one thousand four hundred and thirty dollars and thirteen cents, to which he has added two hundred and twenty-five dollars and twenty-two cents interest, making one thousand six hundred and fifty-five dollars and thirty-five cents, as the amount of this item. To this report the claimants have filed exceptions objecting to the assessment of damages made by the commissioner. The exceptions go both to principal and interest of both items of damage—that resulting from the alleged injury by the vermin, and that from cutting the packages. After an examination of the proofs, I have concluded not to disturb the report so far as the first item is concerned. I think the evidence, on the whole, sustains the amount found in the report. So far as the question of interest is concerned, I understand the rule heretofore adopted by this court is to sustain the allowance. The suggestion made, that the interlocutory decree does not call for an allowance of interest, is not very material. The interest would be added, by direction of the court, on the coming in of the report, if the commissioner had omitted to compute it. The Joshua Barker [Case No. 7,547]; The Gold Hunter [Id. 5,513].

The remaining question is, whether the ship is liable for the damage done by the stevedores in cutting open the packages, during the unlading of the teas. This depends upon the fact whether or not the stevedores were the agents of the ship or master. Ordinarily the master employs the stevedores, and of course selects them. In that case the well-settled law of agency re-

gards them as his agents, as well as the agents of the ship, in performing that particular service, and holds that he impliedly warrants their fidelity and competency. But here the stevedores were, in pursuance of an express provision of the charter party, selected by the consignees and libellants. The law will not imply that one, who has no choice in the selection of an agent, warrants his competency and fidelity to the party who does select him. Here the master had no voice in the selection of the stevedores. They were named exclusively by the libellants, and that nomination was never withdrawn or revoked. The law therefore raises no implication of a warranty of their fidelity to their libellants by the master, and consequently neither he nor the ship can be held liable for their failure to perform in a faithful and careful manner the service for which the libellants selected them.

For these reasons the report of the commissioner is affirmed so far as the first item is concerned only. Let a decree be entered for the libellants for that amount. No costs are allowed on the exceptions to either party, as the report could not, according to the terms of the interlocutory decree, settle the whole question of damages without a further hearing before the court.

[On appeal to the circuit court the above decree was affirmed, without costs. Case No. 9,-545.]